IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,982-01






EX PARTE BENJAMIN ROGERS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 007-1282-10 IN THE 7TH DISTRICT COURT


FROM SMITH COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unlawful
possession of a firearm and sentenced to twenty years' imprisonment. The Twelfth Court of Appeals
affirmed his conviction. Rogers v. State, No. 12-11-00016-CR (Tex. App.--Tyler 2011, no pet.).

 Applicant contends, among other things, that trial counsel rendered ineffective assistance
because he failed to challenge Ernesto Leon for cause. On September 13, 2012, the trial court
entered an order designating issues and ordered counsel to respond to Applicant's claim, but the trial
court made no findings of fact and conclusions of law. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether: (1) Leon was
challengeable for cause, Tex. Code Crim. Proc. art. 35.16(a)(9); (2) if so, counsel was deficient for
failing to challenge Leon; and (3) if so, Applicant was prejudiced. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: March 6, 2013

Do not publish